UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Anthony Favors, | Case No. 24-cv-2709 (JWB/LIB) |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Mike Lanin, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Joseph Anthony Favor's various filings, including his Amended Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). [Docket No. 7].

Upon review of Plaintiff's IFP Application, the Court finds that Plaintiff qualifies financially for IFP status, and therefore, Plaintiff's Amended IFP Application, [Docket No. 7], is **GRANTED**. The granting of Plaintiff's Amended IFP Application renders moot Plaintiff's original IFP Application, [Docket No. 2]; thus, Plaintiff's initial IFP Application is **DENIED as moot**.

Plaintiff has also submitted filings requesting an "immediate [Preemptory] Restraining Order." (See "Memorandum Supporting Motion for [Accelerated] THRO and Injunctive Relief" [Docket No. 8]; Compl. [Docket No. 1] at 21). Liberally construing his filings in his favor, the Court interprets Plaintiff's request as one for a temporary restraining order ("TRO"). (See, e.g., Compl. [Docket No. 1] at 21) (asking for this order "before Defendants can respond to this Complaint"). A court may issue a TRO without notice to the adverse party only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury,

loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Favors has not indicated that he gave Defendants notice of his TRO request. Additionally, while he submitted some information in the Complaint and Memorandum, he has not "clearly" demonstrated that a TRO is necessary to prevent immediate and irreparable harm, nor has he detailed any attempts to notify Defendants or explained why notice is unnecessary here. Thus, the undersigned recommends that Plaintiff's request for a temporary restraining order be **DENIED**.[1]

Therefore, based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's original application to proceed in forma pauperis, [Docket No. 2], is **DENIED as moot**;

2. Plaintiff's amended application to proceed in forma pauperis, [Docket No. 7], is **GRANTED**;

3. As soon as practicable and in any event by no later than thirty (30) days from the date of this Order, Plaintiff must submit a properly completed Marshal Service Form (Form USM-285) for each defendant—Marshal Service Forms will be provided to Favors by the Court;

4. If Plaintiff fails to complete and return the Marshal Service Form in the time permitted, the Court will recommend dismissing this matter without prejudice for failure to prosecute;

---

[1] To the extent that Plaintiff's request for an "immediate [Preemptory] Restraining Order" can be construed to include a request for a preliminary injunction rather than a TRO, the Court also recommends that this request be **DENIED**. Under Federal Rule of Civil Procedure 65(a), a preliminary injunction can only be issued with notice to the adverse party. Defendants have not yet been served in this action, and there is no indication that they are aware of Plaintiff's requests for an "immediate [Preemptory] Restraining Order."

5. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Defendants consistent with Rule 4(d) of the Federal Rules of Civil Procedure; and

6. If a defendant fails without good cause to sign and return a waiver within thirty (30) days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process—absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form.

Furthermore, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's request for an "immediate [Preemptory] Restraining Order" be **DENIED**.


Dated: August 27, 2024               s/Leo I. Brisbois
                                     Hon. Leo I. Brisbois
                                     United States Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).